UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HARBORVIEW MEDICAL CENTER,

          Petitioner,

v.

MICKEY MANUEL,

          Respondent.

Case No. C13-583-MJP-JPD

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

Mickey Manuel is a *pro se* inmate detained at the King County Jail on pending state criminal charges. Citing 28 U.S.C. §§ 1441 and 1443, he filed a notice to remove King County Superior Court No. 13-6-0053A-9-SEA.[1] *See* Dkt. 1 at 1 (Notice of Removal). For the reasons set forth below, the Court recommends that this matter be summarily DISMISSED and REMANDED back to the state court, and that Mr. Manuel's motion to proceed in forma pauperis ("IFP") (Dkt. 1, Att. 1) be STRICKEN as MOOT.

---

[1] Although the Court attempted to access the King County Superior Court's online case summary using the case number provided by Mr. Manuel, these efforts were unsuccessful. *See* http://dw.courts.wa.gov/index.cfm?fa=home.caselist&init (last visited April 3, 2013).

REPORT AND RECOMMENDATION - 1

## II. DISCUSSION

A. <u>Mr. Manuel's Factual Allegations Set Forth in the Notice of Removal</u>

Mr. Manuel requests removal, alleging he has been denied the "rights secured to Respondent by statutes providing for due process, the equal civil rights of citizens of the United States and rights under the fourteenth amendment to the Constitution of the United States including, but not limited to, false arrest, false imprisonment and cruel and unusual punishment[.]" Dkt. 1 at 1-2 (Notice of Removal). Specifically, Mr. Manuel alleges that this case, as well as two related cases, all stem from the same events wherein he and "his neighbor, Karen Walker, entered into an altercation on February 28, 2013 regarding properly lines and wrongful removal of Respondent's fence by Ms. Walker." *Id*. at 2. Mr. Manuel was "brought to the King County Correctional Facility based on allegations of assault." *Id*.

He alleges that although he was ordered released, he was transferred to Harborview Medical Center's Emergency Psychiatric Unit and detained and medicated. *Id.* At Harborview, he was served a petition for emergency detention and had a hearing 24 hours later. On March 20, 2013, the King County Superior Court ordered 14 days of involuntary treatment. On March 26, 2013, he was transferred from Harborview to the King County jail; the next day, the King County District Court ordered a psychiatric examination, even though he was not charged with any criminal offense. Mr. Manuel alleges the Court held him "for failure to appear regarding allegations of assault involving the same events that were the subject of this case[.]" *Id.* at 3. He further alleges that a criminal complaint has not been filed against him, that he has not waived his criminal speedy trial rights, and that there are two other related cases also pending in the state courts: *City of Seattle v. Manuel*, Seattle Municipal Court No. 586738 and *City of Seattle v. Manuel*, Seattle District Court No. 513PA5048. Finally, Mr. Manuel contends the

REPORT AND RECOMMENDATION - 2

numerous actions filed against him constitute improper "forum shopping." *Id.*

B. <u>Lack of Jurisdiction Pursuant to 28 U.S.C. § 1441</u>

This matter hinges on the applicability of 28 U.S.C. § 1441 and §1443, which authorize removal of civil matters. Specifically, 28 U.S.C. § 1441 governs "actions removable generally," and provides that certain "civil actions" commenced in state courts can be removed to a federal court if they could have been originally filed in a federal court.[2] The Ninth Circuit has held that this section must be "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Thus, a district court is precluded from exercising jurisdiction "if there is any doubt as to the right of removal in the first instance." *Id*. In addition, "any doubts as to the right of removal must be resolved in favor of remanding to the state court." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

In light of the strict construction of 28 U.S.C. § 1441, the present matter is not removable pursuant to this section. Although Mr. Manuel does not specify what provision of 28 U.S.C. § 1441 he believes to be applicable to the instant case, the Court presumes that he is attempting to remove this action under 28 U.S.C. § 1441(a), which authorizes the removal to this Court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" Thus, the question becomes whether this action, as originally brought, would

---

[2] 28 U.S.C. § 1441 provides, for example, that:
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . .
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

have been within this Court's federal-question jurisdiction pursuant to 28 U.S.C. § 1331, if it had been filed in a federal district court in the first instance.[3]

In light of the strict construction of 28 U.S.C. § 1441, the present matter is not removable pursuant to this section. First, the Federal Rules provide that a "civil action" is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. There has been no civil complaint filed by Mr. Manuel against petitioners. Mr. Manuel's filings to date are limited to the notice of removal, application to proceed IFP, certificate of service, and medical records from Harborview Medical Center. *See* Dkts. 1-2. Accordingly, this is technically not a "civil action." Fed. R. Civ. P. 4.

Similarly, given that no complaint has been filed against petitioners, the present matter cannot satisfy the well-pleaded complaint rule. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (providing that "the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). *Accord Vaden v. Discover Bank*, 556 U.S. 49 (2009). As a result, this matter must be remanded to the King County Superior Court.

C. <u>Lack of Jurisdiction Pursuant to 28 U.S.C. § 1443</u>

28 U.S.C. § 1443 is also inapplicable. Mr. Manuel has not shown he is a civil or criminal defendant "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). The Supreme Court has repeatedly held that removal under § 1443(1) will only be permitted if the defendant can satisfy a two-part test. *Johnson v. Mississippi*, 421 U.S. 213 (1975). It must appear that the defendant is: (1) deprived

---

[3] 28 U.S.C. § 1331 provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

REPORT AND RECOMMENDATION - 4

rights guaranteed by federal laws providing for racial equality; and (2) denied or cannot enforce their rights in state court usually because of a state statute or constitutional provision. *Id*.; *see also Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006).

In other words, to proceed under § 1443(1), a criminal defendant must assert, as a defense to his prosecution in state court, that the state will not enforce rights given to him by "explicit statutory enactment protecting equal racial civil rights." *People of State of Cal. v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). In addition, a defendant must support this allegation "by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id*.

Mr. Manuel's allegations indicate he believes the state courts have improperly handled his case. However, it is not enough to obtain removal under § 1443(1) to simply allege one's federal rights have been improperly denied by the state before trial, or that one cannot obtain a fair trial in the state court. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts "except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *See City of Greenwood v. Peacock*, 384 U.S. 808, 827-828 (1966). Under these standards, Mr. Manuel's notice fails to establish that removal under § 1443(1) is appropriate.

Section 1443(2) is also inapplicable. Mr. Manuel has not shown he is being prosecuted "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." *See* 28 U.S.C. § 1443(2). The Supreme Court has found "the history of § 1443(2) demonstrates convincingly that this subsection of the removal statute is available only to federal officers and to persons

REPORT AND RECOMMENDATION - 5

assisting such officers in the performance of their official duties." *City of Greenwood*, 384 U.S. at 815; *Gross Mortg. Corp. v. Al-Mansur*, No. 12-4681, 2012 WL 5270052 at * (N.D. Cal. Oct. 24, 2012). There is nothing in the notice of removal showing Mr. Manuel is a state or federal officer, or working for one. Accordingly, there is no basis for removal under § 1443(2).

In short, Mr. Manuel has failed to show he is being prosecuted pursuant to a state law that purports to command state courts to ignore federal rights. Instead, he alleges he was falsely arrested and imprisoned, that his involuntary detention and forced medication was improper, that he has not waived his right to speedy trial in a criminal case, and that the numerous actions filed represents forum shopping. To the extent that Mr. Manuel is raising defenses to his criminal charges, he should raise them as a defense in state court proceedings, not through a removal action. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (defendant seeking removal of his criminal case must show that he "cannot enforce . . . federal rights in the courts of the State").

Additionally, to the extent Mr. Manuel is arguing his civil case should be removed to a federal court because federal constitutional rights are at issue, those rights may be addressed in the state courts and are not reserved exclusively to the federal courts. *See, e.g., Robb v. Connolly*, 111 U.S. 624, 635–36 (1884) ("In establishing [federal] courts, Congress has taken care not to exclude the jurisdiction of the state courts" from "consideration and determination of questions involving an authority, or a right, privilege, or immunity, derived from the constitution and laws of the United States"). As discussed above, this Court does not have jurisdiction to consider Mr. Manuel's federal claims in the absence of a well-pleaded complaint.

### III.   CONCLUSION

As it is clear from the face of the notice Mr. Manuel filed that removal should not be permitted, the Court recommends the matter be DISMISSED and REMANDED to the state

1   court, and that Mr. Manuel's motion to proceed IFP (Dkt. 1, Att. 1) be STRICKEN as moot.

2   DATED this 11th day of April, 2013.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7